IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Terry Mountain Miller,<br>    Plaintiff, | )<br>)<br>) |
| v. | )     1:13cv1083 (TSE/TRJ) |
| | ) |
| Ms. Kruse, et al.,<br>    Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Terry Mountain Miller, a Virginia inmate proceeding pro se, filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendants are violating his constitutional right of access to the courts because he is being denied his legal indigent funds to mail a legal package. By Order dated December 20, 2013, plaintiff's complaint was dismissed without prejudice for his failure to pay the required filing fees or apply to proceed in forma pauperis. Now before the Court is a letter to the court, construed as a Motion for Reconsideration. Relief under Rule 60(b) is available for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff appears to invoke subsection (6) of the foregoing rule. Plaintiff states that he submitted an application to proceed in forma pauperis with his original complaint. He then attaches a copy of an "affidavit in forma pauperis." As such, plaintiff's Motion for Reconsideration must be granted, and his case will be reopened. After careful review

of plaintiff's amended complaint, however, it is clear that the complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

## I. Background

Plaintiff's allegations are brief. On June 21, 2013, plaintiff received a letter from the Director of the Innocence Project at the University of Virginia that requested plaintiff to fill out and return a questionnaire. Am. Compl. 1. Plaintiff did so but only to have his mailing returned to him on July 1, 2013, because he had insufficient funds to pay for postage. Id. Further, the package did not qualify for being paid via legal indigent loans. Id. Plaintiff alleges that he "could actually sense a ring of optimism" about filling out the questionnaire and working with the innocence project. Id. at 2. He then states

> After contacting . . . the Innocence Project to notify [them] that [he] would not be able to send [the Innocence Project] the materials, [they] had requested and why. At least not as soon as [he] would like, [he] received a response from her on July 19, 2013, which had the tone of pessimism. [He] knew at that precise moment that the window of opportunity had been shut, constituting injury.

Id.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is

---

[1] Section 1915A provides:
    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Twombly, 555 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[,]" however, to meet this standard, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III. Analysis

Inmates have a right to meaningful access to the courts, which "can be satisfied either by providing inmates with adequate law libraries or with adequate assistance from persons trained in the law." See Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993). To state a claim for denial of access to the courts, plaintiff must establish that the law library or legal assistance was inadequate and that plaintiff suffered an "actual injury or specific harm" as a result. Id., 993 F.2d at 1084–85; see, e.g., Strickler v. Waters, 989 F.2d 1375, 1382 (4th Cir. 1993); Magee v. Waters, 810 F.2d 451, 452–53 (4th Cir. 1987). Under this principle, the state may not deny indigent inmates a reasonable amount of free postage for legal mail. White v. White, 886 F.2d

3

721 (4th Cir.1989). To make out *a prima facie* case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); see also White v. White, 886 F.2d 721, 723–24 (4th Cir. 1989). Actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." Jackson v. Wiley, 352 F. Supp. 2d 666, 679–80 (E.D. Va. 2004).

Here, plaintiff's allegation that he "[he] would not be able to send [the Innocence Project] the materials, [they] had requested . . . [a]t least not as soon as [he] would like," which resulted in losing his "window of opportunity" to work with the Innocence Project does not "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." See Jackson, 352 F. Supp. at 679–80. Indeed, plaintiff has not stated while he would be unable to proceed with his legal claim on his own. While this may not be as advantageous as working with the Innocence Project, it still provides him his constitutional right of access to the courts.

Additionally, plaintiff's argument that his case is governed by Strickler v. Waters, 989 F.2d 1375, 1382 (4th Cir. 1993), is without merit. In Strickler, the court held that the plaintiff was not denied his right to access to the courts during his six-month stay at a regional jail. Id. at 1383. Notably, the court held that the plaintiff did not allege an injury because he alleged, "no specific problem he wished to research and . . . no actual injury or specific harm which has resulted to him by his limited access to the jail library or its limited contents." Id. at 1383. Similarly, plaintiff's allegation that his injury was a potentially missed "window of opportunity" to work with the Innocence Project is the type of conclusory allegation that fails to allege the type of injury required for bringing a denial of access to the courts claim. See id.; Magee v. Waters, 810 F.2d 451, 452–53 (4th Cir.1987). As such, the complaint must remain dismissed.

Accordingly, it is hereby

ORDERED that plaintiff's Letter to the Court, construed as a Motion for Reconsideration (Docket # 9) be and is GRANTED; and it is further

ORDERED that this case be REOPENED; and it is further

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Order to plaintiff and to close this civil action.

Entered this 24th day of January 2014.

/s/
T. S. Ellis, III
United States District Judge

Alexandria, Virginia

---

[2] 28 U.S.C. § 1915(g) provides:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.